UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES MELVIN HUAEMBUKIE,<br><br>Petitioner<br><br>v.<br><br>PAM BONDI, et al.,<br><br>Respondents. | Case No. 8:26-cv-00512-MCS-KES<br><br>**ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Respondents have objected.

The Court accepts the findings and recommendation of the Magistrate Judge that Petitioner is entitled to relief on Ground One of the Petition. (R. & R. 7–8, ECF No. 8.) Respondents did not provide Petitioner with written notice of the reasons for the revocation of his Order of Supervision, in violation of Respondents' governing regulations. Detaining a noncitizen without adherence to governing regulations renders the detention unlawful. *See Ramos v. Noem*, No. 5:26-cv-00064-MEMF-ADS, 2026 U.S. Dist. LEXIS 23662, at *12–14 (C.D. Cal. Feb. 4, 2026). Accordingly, the Court

1

overrules Respondents' objection that the Magistrate Judge failed to decide whether Petitioner's present detention is unlawful. (Objs. 1–2, ECF No. 10.)

However, the Court respectfully disagrees with the Magistrate Judge's findings and recommendation that the appropriate remedy for the violation is immediate release. (R. & R. 8–9.) Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). The facts and nature of the violation here militate in favor of a conditional order of release. Respondents failed to provide Petitioner with a written statement of reasons for the revocation of his Order of Supervision. As discussed above, this is a procedural deficiency in that renders his current detention unlawful. But Respondents raise a fair point that if Petitioner were released, Respondents could immediately detain him once again so long as they provide him the requisite written notice. (Objs 2.) It would be an inefficient use of resources for Respondents to release Petitioner just to turn around and immediately re-detain him, especially when Respondents could cure the violation by promptly providing Petitioner the required written notice while he is currently detained. *Cf. Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him" in determining whether the petitioner's re-detention amounted to a due process violation); *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (Scarsi, J.) (denying request for immediate release from immigration detention in light of post-detention process provided). The limited nature of the procedural violation implicated here weighs against ordering the broad remedy of immediate release. Instead, the Court exercises its discretion to order a conditional order of release. Petitioner must be provided with written notice stating

the reasons for the revocation of his supervision and then given a meaningful opportunity to contest those reasons at a new informal interview. 8 C.F.R. §§ 241.4(l), 241.13(i).

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Within ten days of entry of this Order, Respondents shall provide Petitioner written notice stating the reasons for the revocation of his Order of Supervision and a new informal interview at which he is given a meaningful opportunity to dispute the reasons stated in the written notice. If Respondents do not provide Petitioner written notice and a new informal interview within ten days, they must immediately release him.

**IT IS SO ORDERED.**

Dated: March 31, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3